**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 110111

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STEPHANIE TESORIERO, <br><br> Plaintiff, <br><br> vs. <br><br> GC SERVICES LIMITED PARTNERSHIP, <br><br> Defendant. | Docket No: 2:16-cv-02185-ADS-SIL <br><br> **FIRST AMENDED COMPLAINT** <br><br> JURY TRIAL DEMANDED |

STEPHANIE TESORIERO (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against GC SERVICES LIMITED PARTNERSHIP (hereinafter referred to as "*Defendant*"), as follows:

### INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

1

## PARTIES

5.   Plaintiff is an individual who is a citizen of the State of New York.

6.   Plaintiff, a "consumer" as defined by 15 U.S.C. § 1692a(3), is allegedly obligated to pay a debt.

7.   On information and belief, Defendant's principal place of business is located in Houston, Texas.

8.   Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9.   Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and is therefore a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10.   Plaintiff's alleged debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

11.   Sometime after the incurrence of the debt, but before the initiation of this action, Plaintiff is alleged to have fallen behind on payments allegedly owed on the alleged debt.

12.   At a time known only to Defendant, Plaintiff's alleged debt was assigned or otherwise transferred to Defendant for collection.

13.   In its efforts to collect the alleged debt, Defendant contacted Plaintiff by letter. ("Exhibit 1.")

14.   Defendant's letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

15.   As set forth in the following Counts, Defendant's letter violated the FDCPA.

### FIRST COUNT
### Violation of 15 U.S.C. § 1692g
### Validation of Debts

16.   Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

17. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

18. 15 U.S.C. § 1692g(a)(3) requires that the written notice "contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector."

19. A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

20. Even if a debt collector conveys the required information, the debt collector nonetheless violates the FDCPA if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.

21. When determining whether the required information has been conveyed clearly, an objective standard, measured by how the "least sophisticated consumer" would interpret the notice, is applied.

22. Defendant's letter states, "UNLESS YOU, WITHIN THIRTY (30) DAYS AFTER YOUR RECEIPT OF GC SERVICES' INITIAL WRITTEN NOTICE TO YOU CONCERNING THIS DEBT, DISPUTE THE VALIDITY OF THE DEBT, OR ANY PORTION THEREOF, THE DEBT WILL BE ASSUMED TO BE VALID BY GC SERVICES." (Emphasis in original.)

23. Defendant's addition of the words "AFTER YOUR RECEIPT OF GC SERVICES' INITIAL WRITTEN NOTICE TO YOU CONCERNING THIS DEBT" to the disclosure required by 15 U.S.C. § 1692g(a)(3) is confusing.

24. Defendant's addition of the words "AFTER YOUR RECEIPT OF GC SERVICES' INITIAL WRITTEN NOTICE TO YOU CONCERNING THIS DEBT" to the disclosure required by 15 U.S.C. § 1692g(a)(3) would confused the least sophisticated consumer.

25. Defendant's addition of the words "AFTER YOUR RECEIPT OF GC SERVICES' INITIAL WRITTEN NOTICE TO YOU CONCERNING THIS DEBT" to the disclosure required by 15 U.S.C. § 1692g(a)(3) confused Plaintiff.

26. Defendant's addition of the words "AFTER YOUR RECEIPT OF GC SERVICES' INITIAL WRITTEN NOTICE TO YOU CONCERNING THIS DEBT" to the

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

disclosure required by 15 U.S.C. § 1692g(a)(3) would confuse the least sophisticated consumer concerning the time frame to dispute the debt or seek validation of the debt.

27. Defendant's addition of the words "AFTER YOUR RECEIPT OF GC SERVICES' INITIAL WRITTEN NOTICE TO YOU CONCERNING THIS DEBT" to the disclosure required by 15 U.S.C. § 1692g(a)(3) confused Plaintiff concerning the time frame to dispute the debt or seek validation of the debt.

28. Defendant's addition of the words "AFTER YOUR RECEIPT OF GC SERVICES' INITIAL WRITTEN NOTICE TO YOU CONCERNING THIS DEBT" to the disclosure required by 15 U.S.C. § 1692g(a)(3) caused Plaintiff to be uncertain of when her 30-day validation period started.

29. Defendant's addition of the words "AFTER YOUR RECEIPT OF GC SERVICES' INITIAL WRITTEN NOTICE TO YOU CONCERNING THIS DEBT" to the disclosure required by 15 U.S.C. § 1692g(a)(3) caused Plaintiff to be confused as to when her 30-day validation period started.

30. Defendant's addition of the words "AFTER YOUR RECEIPT OF GC SERVICES' INITIAL WRITTEN NOTICE TO YOU CONCERNING THIS DEBT" to the disclosure required by 15 U.S.C. § 1692g(a)(3) caused Plaintiff to be uncertain of when her 30-day validation period ended.

31. Defendant's addition of the words "AFTER YOUR RECEIPT OF GC SERVICES' INITIAL WRITTEN NOTICE TO YOU CONCERNING THIS DEBT" to the disclosure required by 15 U.S.C. § 1692g(a)(3) caused Plaintiff to be confused as to when her 30-day validation period ended.

32. Defendant's addition of the words "AFTER YOUR RECEIPT OF GC SERVICES' INITIAL WRITTEN NOTICE TO YOU CONCERNING THIS DEBT" to the disclosure required by 15 U.S.C. § 1692g(a)(3) would make the least sophisticated consumer uncertain as to her rights.

33. Defendant's addition of the words "AFTER YOUR RECEIPT OF GC SERVICES' INITIAL WRITTEN NOTICE TO YOU CONCERNING THIS DEBT" to the disclosure required by 15 U.S.C. § 1692g(a)(3) would make the least sophisticated consumer confused as to her rights.

34. Defendant's addition of the words "AFTER YOUR RECEIPT OF GC

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

SERVICES' INITIAL WRITTEN NOTICE TO YOU CONCERNING THIS DEBT" to the disclosure required by 15 U.S.C. § 1692g(a)(3) made Plaintiff uncertain as to her rights.

35. Defendant's addition of the words "AFTER YOUR RECEIPT OF GC SERVICES' INITIAL WRITTEN NOTICE TO YOU CONCERNING THIS DEBT" to the disclosure required by 15 U.S.C. § 1692g(a)(3) made Plaintiff confused as to her rights.

36. Defendant's addition of the words "AFTER YOUR RECEIPT OF GC SERVICES' INITIAL WRITTEN NOTICE TO YOU CONCERNING THIS DEBT" made Plaintiff believe there may have been a prior notice from Defendant that she was not aware of.

37. Defendant's addition of the words "AFTER YOUR RECEIPT OF GC SERVICES' INITIAL WRITTEN NOTICE TO YOU CONCERNING THIS DEBT" made Plaintiff believe that her right to challenge the debt may have expired before her receipt of the subject letter.

38. Defendant's addition of the words "AFTER YOUR RECEIPT OF GC SERVICES' INITIAL WRITTEN NOTICE TO YOU CONCERNING THIS DEBT" made Plaintiff believe that her right to seek verification of the debt may have expired before her receipt of the subject letter.

39. Defendant's addition of the words "AFTER YOUR RECEIPT OF GC SERVICES' INITIAL WRITTEN NOTICE TO YOU CONCERNING THIS DEBT" made Plaintiff believe that her right to seek information concerning the creditor may have expired before her receipt of the subject letter.

40. Defendant's addition of the words "AFTER YOUR RECEIPT OF GC SERVICES' INITIAL WRITTEN NOTICE TO YOU CONCERNING THIS DEBT" caused Plaintiff to forego her validation rights.

41. Defendant's addition of the words "AFTER YOUR RECEIPT OF GC SERVICES' INITIAL WRITTEN NOTICE TO YOU CONCERNING THIS DEBT" caused Plaintiff to forego her rights to challenge the debt.

42. Defendant's conduct caused Plaintiff frustration, aggravation and confusion.

43. Defendant has violated § 1692g as the above-referenced language overshadows the information required to be provided by that Section.

## SECOND COUNT
## Violation of 15 U.S.C. § 1692g
## Validation of Debts

44. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

45. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

46. One such requirement is that the debt collector provide "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2).

47. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to convey such clearly.

48. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to state such explicitly.

49. Merely naming the creditor without specifically identifying the entity as the current creditor to whom the debt is owed is not sufficient to comply with 15 U.S.C. § 1692g(a)(2).

50. Even if a debt collector conveys the required information, the debt collector nonetheless violates the FDCPA if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.

51. When determining whether the name of the creditor to whom the debt is owed has been conveyed clearly, an objective standard, measured by how the "least sophisticated consumer" would interpret the notice, is applied.

52. Defendant's letter fails to explicitly identify the name of the creditor to whom the debt is owed.

53. Defendant's letter states, "American Express."

54. Plaintiff did not know what account was the subject of the Defendant's letter.

55. Plaintiff contacted American Express credit card company and was told that they could not offer her any information.

56. Plaintiff did not contact Defendant because she believed that her time to do so expired.

57. "American Express" is not specific enough to apprise the least sophisticated consumer of the identity of the creditor to whom the debt is owed.

58. "American Express" was not specific enough to apprise Plaintiff of the identity of the creditor to whom she allegedly owed the debt.

59. There is no entity named "American Express" registered with the New York State Department of State, Division of Corporations.

60. Conversely, there are sixty-one (61) disparate entities registered in New York that begin their legal name with "American Express."

61. The least sophisticated consumer would likely be confused as to which of the sixty-one (61) disparate entities registered in New York that begin their legal name with "American Express" is the creditor to whom the debt is owed.

62. The least sophisticated consumer would likely be uncertain as to which of the sixty -one (61) disparate entities registered in New York that begin their legal name with "American Express" is the creditor to whom the debt is owed.

63. Plaintiff was confused as to which of the sixty-one (61) disparate entities registered in New York that begin their legal name with "American Express" was the creditor to whom she allegedly owed the debt.

64. Plaintiff was uncertain as to which of the sixty -one (61) disparate entities registered in New York that begin their legal name with "American Express" was the creditor to whom she allegedly owed the debt.

65. Defendant failed to explicitly state the name of the creditor to whom the debt is owed.

66. Defendant failed to clearly state the name of the creditor to whom the debt is owed.

67. Defendant's conduct caused Plaintiff to be confused as to the creditor to whom the debt was allegedly owed.

68. Defendant's conduct caused Plaintiff to be unsure as to the creditor to whom the debt was allegedly owed.

69. Defendant's conduct caused Plaintiff frustration, aggravation and confusion.

70. Defendant has violated § 1692g as it failed to clearly and explicitly convey the name of the creditor to whom the debt is owed.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

## THIRD COUNT
## Violation of 15 U.S.C. § 1692e

71. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

72. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

73. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

74. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

75. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

76. Because the collection letter in the instant case is reasonably susceptible to an inaccurate reading, as described above, it is deceptive within the meaning of 15 U.S.C. § 1692e.

77. The least sophisticated consumer would likely be deceived by Defendant's conduct.

78. The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

79. Plaintiff was deceived by Defendant's failure to clearly state the name of the creditor to whom the debt was allegedly owed.

80. Plaintiff was deceived by Defendant's conduct.

81. Plaintiff was deceived by Defendant's conduct concerning the time frame to dispute the debt or seek validation of the debt.

82. Plaintiff was deceived by Defendant's conduct concerning when her 30-day validation period started.

83. Plaintiff was deceived by Defendant's conduct concerning when her 30-day validation period ended.

84. Plaintiff was deceived by Defendant's conduct into believing that there may have been a prior notice from Defendant that she was not aware of.

85. Plaintiff was deceived by Defendant's conduct into believing that her right to challenge the debt may had expired before her receipt of the subject letter.

86. Plaintiff was deceived by Defendant's conduct into believing that her right to seek

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

verification of the debt had expired before her receipt of the subject letter.

87. Plaintiff was deceived by Defendant's conduct into believing that her right to seek information concerning the creditor may have expired before her receipt of the subject letter.

88. Defendant's deception caused Plaintiff to forego her validation rights.

89. Defendant's deception caused Plaintiff to forego her rights to challenge the debt.

90. Defendant's conduct caused Plaintiff frustration, aggravation and confusion.

91. Defendant's conduct violated 15 U.S.C. § 1692e.

## FOURTH COUNT
## Violation of 15 U.S.C. § 1692g
## Failure to Adequately Convey the Amount of the Debt

92. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

93. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

94. One such requirement is that the debt collector provide "the amount of the debt." 15 U.S.C. § 1692g(a)(1).

95. A debt collector has the obligation not just to convey the amount of the debt, but also to convey such clearly.

96. Defendant's letter sets forth a "Balance Due" of $6,519.17.

97. Defendant's letter fails to disclose whether the balance may increase due to interest and fees.

98. The least sophisticated consumer would be confused as to how she could satisfy the debt.

99. Because of Defendant's failure to disclose whether the balance may increase due to interest and fees, Plaintiff was confused as to how she could satisfy the debt.

100. Because of Defendant's failure to disclose whether the balance may increase due to interest and fees, Plaintiff was confused as to whether the balance would increase.

101. Because of Defendant's failure to disclose whether the balance may increase due to interest and fees, Plaintiff was uncertain as to whether the balance would increase.

102. Because of Defendant's failure to disclose whether the balance may increase due

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

to interest and fees, Plaintiff was confused as to whether the debt was continuing to accrue interest.

103. Because of Defendant's failure to disclose whether the balance may increase due to interest and fees, Plaintiff was uncertain as to whether the debt was continuing to accrue interest.

104. Because of Defendant's failure to disclose whether the balance may increase due to interest and fees, Plaintiff was confused as to whether the debt was subject to fees.

105. Because of Defendant's failure to disclose whether the balance may increase due to interest and fees, Plaintiff was uncertain as to whether the debt was subject to fees.

106. Plaintiff did not know whether she could satisfy the debt by remitting the sum stated in the letter at any time after she received the letter, or whether payment had to be made by a certain time.

107. Plaintiff did not know how she could satisfy the debt.

108. Defendant failed to clearly state the amount of the debt.

109. Defendant failed to unambiguously state the amount of the debt.

110. Defendant's conduct caused Plaintiff frustration, aggravation and confusion.

111. Defendant has violated § 1692g as it failed to clearly, explicitly and unambiguously convey the amount of the debt.

### FIFTH COUNT
### Violation of 15 U.S.C. § 1692e
### False or Misleading Representations

112. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

113. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

114. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

115. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

116. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

117. § 1692e requires debt collectors, when they notify consumers of their account balance, to disclose whether the balance may increase due to interest and fees.

118. Defendant's letter fails to disclose whether the balance may increase due to interest and fees.

119. The least sophisticated consumer would likely be deceived by Defendant's conduct.

120. The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

121. Plaintiff was deceived by Defendant's conduct.

122. Plaintiff was deceived as to whether she could satisfy the debt by remitting the sum stated in the letter at any time after she received the letter, or whether payment had to be made by a certain time.

123. Defendant's conduct caused Plaintiff frustration, aggravation and confusion.

124. Defendant has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

## JURY DEMAND

125. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a. Statutory damages of $1,000.00 against Defendant pursuant to 15 U.S.C. § 1692k; and

b. Plaintiff's actual damages; and

c. Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

d. Plaintiff's costs; all together with

e. Such other relief that the Court determines is just and proper.

DATED: July 14, 2016

                                 **BARSHAY SANDERS, PLLC**

                                 By:  _/s/ David M. Barshay_  
                                 BARSHAY SANDERS, PLLC  
                                 100 Garden City Plaza, Suite 500  
                                 Garden City, New York 11530  
                                 Tel: (516) 203-7600  
                                 Fax: (516) 706-5055  
                                 dbarshay@barshaysanders.com  
                                 _Attorneys for Plaintiff_  
                                 Our File No.: 110111